IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOANNA MCCOY, *et al.*,** | * | Case No.: 1:12-cv-01436-ELH/JMC |
| **Plaintiffs,** | * | Judge Ellen L. Hollander |
| v. | * | |
| **BIOMET ORTHOPEDICS, LLC,** *et al.* | * | |
| **Defendants.** | * | |

### DEFENDANTS' NOTICE OF FILING OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

On October 1, 2020, the United States District Court for the District of Maryland issued its opinion in *Morris v. Biomet, Inc. et al.*, Case No. GJH-18-2440, a copy of which is attached hereto as "Exhibit A" for the Court's convenience ("Opinion").

2. *Morris* was decided after the close of summary-judgment briefing in this case and could not, therefore, be included with Biomet's original briefing in the instant matter.

3. Based on facts similar to those presented here, a Maryland product liability action concerning a Biomet M2a Magnum device, the court in *Morris* granted Biomet summary judgment as to the plaintiff's warnings claims, warranty claims, punitive damages claim, and fraudulent concealment claim.

4. Judge Hazel entered judgment in Biomet's favor on the plaintiff's warnings claim in *Morris* because the plaintiff could not establish that her implanting/prescribing physician would have altered his decision-making had he been provided with different warnings. (*Id.* at 21.) Because the plaintiff in *Morris* did not provide Biomet with notice of her claim, a prerequisite to maintaining at warranty claim pursuant to Maryland law, Judge Hazel also

entered judgment in Biomet's favor on the plaintiff's implied warranty claims.  He also entered judgment for Biomet on the plaintiff's express warranty claims because Ms. Morris did not establish that Biomet made any express warranties or affirmative representations about the risks of the device.  (*Id*. at 23-24, 26.)  These rulings are equally applicable in the instant matter.

5. Similarly, the court in *Morris* entered judgment in Biomet's favor as to Plaintiff's claim for punitive damages, finding "Plaintiff simply has not cited to sufficient evidence from which a trier of fact could reasonably conclude that Biomet acted with actual malice with respect to the Biomet device." (*Id.* at 27.)  Like the *Morris* Plaintiff, Dr. McCoy is unable to satisfy her burden of establishing "actual malice" and so judgment in Biomet's favor as to Dr. McCoy's claim for punitive damages is warranted here as well.

8. Judge Hazel's rationale as articulated in the attached *Morris* Opinion, and the arguments presented in Defendants' Memorandum in Support of Motion for Summary Judgment (Doc. 96-1) and Defendants' Reply in Support (Doc. 106), compel the conclusion that judgment should be entered in favor of Biomet.

Dated:  January 5, 2021               *s/James A. Frederick*
                                                  James A. Frederick (Bar No. 23506)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1050 K Street, Suite 400
Washington, DC  20001
Telephone: (202) 312-7032
Facsimile: (202) 312-7460
Email: jim.frederick@faegredrinker.com

and

US.130908796.03

Matthew T. Albaugh (*pro hac vice*)
Erica Kay Drew (*pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
Email: matthew.albaugh@faegredrinker.com
Email: erica.drew@faegredrinker.com

**ATTORNEYS FOR BIOMET DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 5, 2021, a copy of the foregoing Notice of Filing of Supplemental Authority in Support of Motion for Summary Judgment was filed and served on all counsel of record electronically via the Court's CM/ECF system.

*/s/James A. Frederick*
